## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In the Matter of: | |
| Foods, Inc., | Case No. 14-02689-als11 |
|       Debtor | |
| John Michael Maier, as Trustee for the Dahl's Employee Stock Ownership Plan and Trust, | Adv. Pro. 21-30022-als |
|       Plaintiff | |
|   v. | |
| Barry A. Chatz, | |
|       Defendant | |

### MEMORANDUM OF DECISION
**(Date entered on docket: August 23, 2022)**

Before the Court is the Defendant's Motion to Dismiss and Plaintiff's Objections. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157(b)(1) and 1334. For the reasons stated the objections are sustained and the Motion to Dismiss is denied.

### BACKGROUND FACTS

Foods, Inc. owned and operated a chain of grocery stores. Due to diminishing profits and inability to compete in the marketplace it filed a chapter 11 petition on November 9, 2014. The schedules identified the Dahl's Employee Stock Option Plan (ESOP) as both a creditor (ECF No. 20) and an equity holder (ECF No. 1). Among the proofs of claim filed in the case was number 176 filed by John Maier as the ESOP's Trustee. The claim was finally allowed as a priority claim in the amount of $191,543 and as an unsecured claim in the amount of $904,119 for a total claim of $1,095,662. (ECF No. 842, Exhibit A).

Throughout the administration of the bankruptcy case there were allegations that some officers and directors had engaged in conduct which affected the business operations and its stock. The Debtor proposed a liquidating plan using a liquidating trust as the vehicle to administer available assets and pay creditor claims. Creditors in Class 3 (unsecured creditors), Class 4 (subordinated general unsecured ESOP Contribution Claims), and Class 5 (equity interest holders)

were named as beneficiaries of the Liquidating Trust. A Liquidating Trust Agreement (LTA) was attached to the proposed modified plan (ECF No. 592) naming Barry Chatz as Liquidating Trustee. "Claims against the Debtor's Directors & Officers, and Insurance Policies" were specifically identified as assets to be transferred to the Liquidating Trust.

On November 8, 2016, Chatz, as Liquidating Trustee, filed an adversary proceeding against ten individual defendants that had acted as officers or directors of Foods, Inc. (Case No. 16-30128). In summary, that complaint alleged that the defendants breached their respective fiduciary duties by misrepresenting and overvaluing the company's stock which resulted in transfers of over-valued stock to the ESOP therefore deepening Foods, Inc.'s insolvency, as well as causing job and retirement fund losses for hundreds of employees. Actual damages of $7,947,730 and $10,000,000 in punitive damages were requested. Over time, each of the named defendants either reached a settlement with the Liquidating Trustee or filed individual bankruptcy cases, or both.

On December 14, 2020, the Court entered a Final Decree in the bankruptcy case.

On September 1, 2021, after reopening the case, Maier filed this pending adversary proceeding. In summary, the complaint alleges that Chatz, despite having knowledge of the Directors and Officer's insurance policy (D&O Policy), failed to keep the insurance policy in force and did not file the adversary proceeding against the former officers and directors before the policy lapsed which deprived the Liquidating Trust the benefit of making a claim for coverage. Maier maintains these actions rise to the level of gross negligence or willful misconduct, and a breach of fiduciary duty by Chatz as the Liquidating Trustee.

Chatz requests that the case be dismissed based upon a lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6); Fed. R. Bank. Pro. 7012(b).

## DISCUSSION

**1.    Subject Matter Jurisdiction**

"[S]tanding is the threshold question in every federal case, determining the power of the court to entertain the suit." *Leibovitz v. N.Y.C. Transit Auth.*, 252 F.3d 179, 184 (2d Cir. 2001) (cleaned up). The party seeking relief in federal court bears the burden to establish subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Federal Rule of Civil Procedure 12(b)(1) allows a party to raise this issue prior to filing a responsive pleading. Standing, 1 Bankruptcy Law Manual §2:46 (5th ed.). "In evaluating a Rule 12(b)(1) motion, a court must first

determine whether the movant presents a facial or factual attack." *Gavin/Solmonese LLC v. Citadel Energy Partners, LLC (In re Citadel Watford City Disposal Partners, L.P.)*, 603 B.R. 897, 902 (Bankr. D. Del. 2019). A facial challenge focuses on the sufficiency of the pleadings and a court is confined to the allegations of the complaint, accepts them as true and considers the allegations in the light most favorable to the plaintiff. *Id.* "In a factual attack, the court may consider extraneous information to resolve factual issues concerning jurisdiction" and can also evaluate the merits of the disputed allegations bearing on jurisdiction. *Id.*; *Target Training Int'l, Ltd. v. Lee*, 1 F. Supp. 3d 927, 935 n.5 (N.D. Iowa 2014) citing Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990). Here, Chatz raises a factual attack on the Maier's standing.

If "a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over that claim and must dismiss it." *Fiore v. Univ. of Tampa*, 568 F. Supp. 3d 350, 358 (S.D.N.Y. 2021). Chatz asserts that the complaint necessarily seeks relief on behalf of all the Liquidation Trust's beneficiaries, which is prohibited unless derivative standing has been obtained. Maier disagrees stating that Chatz is creating a non-existent requirement of derivative standing. *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 5 (1st Cir. 1999); *In re Kashani*, 190 B.R. 875, 888-89 (B.A.P. 9th Cir. 1995); *In re J & S Properties, LLC*, 545 B.R. 91, 99 (Bankr. W.D. Pa. 2015).

In this Circuit it is well settled that a creditor must obtain court approval to exercise derivative standing to bring a claim belonging to the bankruptcy estate. See *PW Enters., Inc. v. North Dakota Racing Comm'n (In re Racing Servs., Inc.)*, 540 F.3d 892, 898 (8th Cir. 2008). Upon such a request, a court must "carefully scrutinize the request to satisfy itself that derivative standing is proper under the circumstances." *Id.* at 903. This statement makes clear that the facts presented in a specific case can determine the outcome of whether standing exists.

Since Chatz is not a trustee appointed under Chapter 7 or Chapter 11 of the Bankruptcy Code, his powers and duties are not those of a bankruptcy trustee. Rather, they are the powers and duties unique to a post-confirmation liquidating trustee. See *In re Health Diagnostic Lab., Inc.*, 584 B.R. 525, 532 (Bankr. E.D. Va. 2018). Chatz's position related to the need for derivative standing in this adversary proceeding ignores the purpose of that concept as detailed in the relevant case law.

Derivative standing is required for a private individual or entity seeking to pursue a cause of action *on behalf of a chapter 11 estate. In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 478

3

F. Supp. 3d 190, 194 (D.P.R. 2020) (emphasis added).[1]  Upon plan confirmation the bankruptcy estate ceases to exist.  "All estate property is vested in the debtor at confirmation, except as the plan specifically provides otherwise." *In re Ernst*, 45 B.R. 700, 702 (Bankr. D. Minn. 1985).  In this case the plan called for Debtor's assets to be transferred (and vested) in the Liquidating Trust.  In an apparent effort to overcome this point, Chatz states that he was "appointed" to his role as liquidating trustee and is therefore the "functional equivalent of a bankruptcy trustee" and operates as a "representative of the bankruptcy estate."  Thus, derivative standing is required.  See *In re Health Diagnostic Lab., Inc.*, 584 B.R. at 532.  This approach has not been applied as broadly as Chatz suggests.

A court may order the appointment of a trustee under specific circumstances in a chapter 11 case, but it is the United States Trustee that makes the appointment.  9 Am. Jur. 2d Bankruptcy § 495.  This process is not intended to be applicable or operative post-confirmation.  Only the LTA utilizes the term "appointment", and that document was executed by Chatz and the Official Unsecured Creditors Committee.  It does not operate as a court order.  There is no language in the confirmation order or the modified plan that indicates that Chatz was *appointed* the liquidating trustee, or as a trustee for the bankruptcy estate under a specific bankruptcy code provision.

Distinctions have been made between the governance of the role of a liquidating trustee and that of a bankruptcy trustee or estate representative.  The court in *Health Diagnostic* stated: "The powers and duties of a 'representative of the estate,' such as a liquidating trustee, are dictated by such operative documents as the confirmation order, chapter 11 plan, and any applicable trust instruments."  See *In re Health Diagnostic Lab., Inc.*, 584 B.R. at 532, citing to *Grede v. Bank of N.Y. Mellon,* 598 F.3d 899, 901–02 (7th Cir. 2010) ("Although the terms of the Bankruptcy Code govern the permissible duties of a trustee in bankruptcy, the terms of the plan of reorganization (and of the trust instrument) govern the permissible duties of a trustee after bankruptcy.") (emphasis omitted); See generally *Liquidation Estate of DeLaurentiis Entm't Grp. v. Technicolor,*

---

[1] In this case the court's opinion addressed the factors normally applied in a chapter 11 case to obtain derivative standing and concluded that:

> Although these factors are instructive for purposes of the court's analysis, the court may consider the particular circumstances of a case more broadly in determining whether appointment of a trustee under section 926 is appropriate.  Indeed, the court has wide-ranging discretion to decide which factors to consider in making that determination.

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 478 F. Supp. 3d 190, 194–95 (D.P.R. 2020) citing *Andalusian Glob. Designated Activity Co. v. Fin. Oversight & Mgmt. Bd. (In re Fin. Oversight & Mgmt. Bd.)*, 954 F.3d 1, 7 (1st Cir. 2020) ("Nothing in the text of § 926 limits or even discusses the factors a court may take into consideration.").

*Inc. (In re DeLaurentiis Entm't Grp.)*, 87 F.3d 1061, 1064 (9th Cir. 1996) (an estate representative is not a trustee for purposes of 11 U.SC. §546(a)).  The language contained in the LTA supports this same outcome:

> This Liquidating Trust Agreement is intended to supplement and complement the Plan and the Confirmation Order; provided, however, that if any of the terms and/or provisions of this Liquidating Trust Agreement conflict with the terms and/or provisions of the Plan or the Confirmation Order, the Plan and the Confirmation Order shall govern;

ECF No. 592, Ex. F, RECITAL H, pg. 45.  No authority has been supplied that would serve to support a conclusion that any of the trustee appointment provisions under the bankruptcy code provisions are automatically applicable to a liquidating trustee or estate representative.

Maier's complaint does not seek to litigate any causes of actions on behalf of the bankruptcy estate, or the Liquidating Trust, related to the estate assets of actionable conduct against the Debtor's officers and directors or enforcement of the D&O Policy.  Rather the allegations are focused upon Chatz's conduct in not preserving the insurance policy for the benefit of creditors, which is contemplated under the LTA.  ECF No. 592, Ex. F. Art. III, 3.4(q), pg. 50.

For the reasons stated the requirement to seek derivative standing is not applicable and Maier has standing to pursue the complaint.

**2.    Failure to State a Claim**

A motion to dismiss made under Rule 12(b)(6) concerns the legal sufficiency of a complaint based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  The plausibility standard applies in "all civil actions." *Iqbal*, 556 U.S. at 684 (citation omitted).  A facially plausible claim allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caruso v. Modany*, 613 B.R. 254, 261 (S.D. Ind. 2020) (internal citations omitted).

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim*." McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

5

The Court must also draw all reasonable inferences in favor of the plaintiff. *Forgue v. City of Chi.*, 873 F.3d 962, 966 (7th Cir. 2017) (citations omitted). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff cannot prove the facts that would entitle him to the relief requested in the complaint." *Williams v. Gusky (In re President Casinos, Inc.),* 502 B.R.841, 847 (Bankr. E.D. Mo. 2013), citing *Rucci v. City of Pac.*, 327 F.3d 651, 652 (8th Cir. 2003).

Iowa law governs the Liquidating Trust. By statute Iowa law defines a "Trust" as "an express trust, charitable or noncharitable, with additions thereto, wherever and however created, including a trust created or determined by a judgment or decree under which the trust is to be administered in the manner of an express trust." Iowa Code Ann. § 633A.1102(21). Chatz relies upon the additional statutory language that a "Trust" expressly excludes "[a] liquidation trust" which prevents Maier from pursing any claim on behalf of the ESOP. Iowa Code Ann. § 633A.1102(21)(i). Iowa's statutory scheme, however, recognizes that common law governs trusts when the statute is not applicable. "Except to the extent that this chapter modifies the common law governing trusts, the common law of trusts shall supplement this trust code." Iowa Code Ann. §633A.1104.

Iowa law supports Maier's position that a direct action by a beneficiary against a trustee is permissible. Under common law and by statute a universal rule applies that a beneficiary may maintain an action against a trustee to compel the trustee to address a breach of trust. Restatement (Second) of Trusts § 199; Iowa Code Ann. § 633A.4502. "A provision in the terms of the trust relieving a trustee of liability for breach of trust is unenforceable to the extent that . . . [r]elieves a trustee of liability for breach of trust committed intentionally, with gross negligence, in bad faith, or with reckless indifference to the interest of the beneficiary, or for any profit derived by the trustee from the breach." Iowa Code Ann. § 633A.4505.

Under the common law a trustee has an affirmative duty to act reasonably to preserve the trust property. It is "well-settled . . . that a trustee has the duty to protect trust property against loss or destruction, taking such action as a reasonably prudent person would take to protect his or her own property." *Hamilton v. Mercantile Bank*, 621 N.W.2d 401, 406 (Iowa 2001); citing George Gleason Bogert & George Taylor Bogert, *The Law of Trusts and Trustees* § 582, at 346 (rev.2d ed.1995).

> "[t]he trustee is under a duty to the beneficiary to use reasonable care and skill to preserve the trust property." Comment (b) to this provision makes clear that this obligation extends to the protection of the trust property from loss or damage: "It is the duty of the trustee to use reasonable care to protect the trust property from loss or damage."

*White Mt. Apache Tribe v. United States*, 249 F.3d 1364, 1378 (Fed. Cir. 2001), aff'd and remanded, 537 U.S. 465 (2003); citing Restatement (Second) of Trusts § 176 (1959).  Maier's complaint alleges that Chatz did not meet the standards under common law as a trustee because: 1) the actions against Debtor's former officers and directors were filed after the run-off insurance coverage lapsed or 2) he failed to purchase an additional endorsement to extend the run-off coverage so that claims against the insurance policy could be made.

Chatz raises multiple issues under his Motion based upon Federal Rule of Civil Procedure 12(b)(6) that the complaint fails to state any claim upon which relief can be granted.  Those include:  because Chatz, individually was not a party to the Trust Agreement the breach of contract claims are barred by the Exculpation Provisions in the Trust Agreement or qualified immunity; in pari delicto; failing to remove the trustee under the LTA; and laches.  Each of these items raise legal issues or affirmative defenses that require development of additional information.

In evaluating a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) the Court does not evaluate the merits of arguments or sufficiency of evidence; thus, the Court cannot determine whether Maier can prove that Chatz's conduct rises to the level to impose liability against him personally or whether Chatz will be successful in his affirmative defenses.  At this juncture, the Court must only examine whether the complaint is sufficient on its face to raise a claim.

Under the applicable standards the Plaintiff has provided sufficient information to overcome Defendant's motion to dismiss for failure to state a claim.

**IT IS HEREBY ORDERED:**

1. The objections to Chatz's Motion to Dismiss are sustained.
2. The Motion to Dismiss is denied.

    /s/ Anita L. Shodeen
    Anita L. Shodeen
    U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding